```
CLERK'S OFFICE U.S. DIST COURT
       AT ROANOKE, VA
            FILED

       APR 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:05CV 00232 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| COMMONWEALTH OF | ) By: Samuel G. Wilson |
| VIRGINIA, et al., | ) United States District Judge |
| | ) |
| Defendant(s). | ) |

    Plaintiff Roy Allen Thomas, Jr., a Virginia inmate proceeding pro se and imprisoned at Red Onion State Prison, brings this action under the Civil Rights Act, 42 U.S.C. §1983, against numerous defendants alleging that medical staff are exhibiting deliberate indifference to his medical needs because medical staff refuse to treat the cut inside his mouth in a manner that is satisfactory to Thomas in violation of his Eighth Amendment rights. Thomas seeks monetary damages in the amount of $250,000.000 and requests that he be transferred to a different prison. The court finds that Thomas fails to state a claim upon which relief may be granted, his claim is frivolous, and therefore this action will be filed and dismissed with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Under this provision, the court may dismiss an action upon finding that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## I.

    According to Thomas, various medical staff are exhibiting deliberate indifference to his medical needs because medical staff refuse to treat the cut inside his mouth in a manner that is satisfactory to Thomas, and refuse to consider the cut as a serious injury.

Thomas alleges the following facts regarding his claim. On February 1, 2005, Thomas received a cut inside his mouth upon finding a small piece of metal aluminum foil in his food. Prison officials, and Thomas, concluded that the metal foil came from a pot scrubber used by the dishwashers to clean pots in the kitchen. That same day, Thomas filed a medical emergency grievance. Medical staff concluded that the cut was not an emergency, and instead placed him on sick call. On February 2, 2005, Nurse Adams examined Thomas and told him that he made a "big deal out [of] nothing," then instructed him to rinse with salt-water twice a day and use toilet paper to stop any bleeding. Thomas claims that as a result of the cut in his mouth he has suffered from pain, burning and bleeding.

## II.

Thomas fails to state a claim upon which relief may be granted, and this action is frivolous. A plaintiff must show that defendants knew of, and disregarded an objectively serious condition, medical need, or risk of harm in order to allege deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Mitchell v. Aluisi, 872 F.2d 577, 580 (4th Cir. 1989). Furthermore, a defendant exhibits deliberate indifference if a subjective inference that certain actions, or failure to take corrective action, would subject a plaintiff to unnecessary and significant pain and suffering or would expose a plaintiff to a substantial risk of more serious injury. See Johnson v. Quinones, 145 F.3d 164 (4th Cir. 1998). Mere malpractice on the part of medical personnel is insufficient to state an Eighth Amendment claim, Estelle, 429 U.S. at 106, and questions of medical judgment are not generally subject to review. Russell v. Sheffer, 528

F.2d 318 (4th Cir. 1975).

Thomas fails to allege that he has suffered a serious injury because the cut in his mouth is not being medically treated as Thomas believes it should be, or that the lack of additional treatment poses a substantial risk of danger to his health. Thomas's allegation states, at most, his own disagreement with medical staff's opinion that he is not in danger of being seriously injured as a result of the cut in his mouth. Such allegations do not state constitutional claims. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Accordingly, the court finds that Thomas fails to state a claim that medical staff are acting with deliberate indifference as to any serious medical needs. Therefore, the court will file and dismiss Thomas's deliberate indifference claim against all defendants pursuant to §1915A(b)(1) for failure to state a claim and as frivolous.

### III.

For the stated reasons, Thomas's claim of deliberate indifference to his medical needs shall be filed and dismissed with prejudice for failure to state a claim and as frivolous pursuant to § 1915A(b)(1).

ENTER: This 22 day of April, 2005.

UNITED STATES DISTRICT JUDGE